**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Ramon Jackson, | ) CV 17-0058-TUC-FRZ (LAB) |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| Charles L. Ryan; et al., | ) |
| Respondents. | ) |

Pending before the court is the petitioner's motion for stay and abeyance, filed on July 10, 2017. (Doc. 16)

The petitioner, Jerry Ramon Jackson, moves that this court stay his pending petition for writ of habeas corpus and hold it in abeyance so he may return to state court and properly exhaust certain claims. The respondents filed a response to the motion for a stay on July 14, 2017. (Doc. 17) Jackson filed his reply on July 31, 2017. (Doc. 20)

Also pending is the petitioner's motion for an extension of the deadline for filing a reply to the respondents' answer to his petition for writ of habeas corpus and an extension of the deadline for filing a reply in support of his motion for stay and abeyance. (Doc. 19)

Also pending is the petitioner's motion to amend his petition. (Doc. 21) Jackson moves that this court permit him to amend his petition to remove unexhausted claims if the court denies his motion to stay. *Id*.

Discussion

On January 17, 2017, Jackson constructively filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) The respondents filed an answer on May 22, 2017, in which they argued, among other things, that Claims 1, 2, and 3 in the petition are procedurally defaulted. All three of these claims allege ineffective assistance of trial counsel in connection with a deposition taken from one of the robbery victims. That particular victim was unable to attend the trial, so the trial court allowed his testimony to be admitted via deposition. In Claim 1, Jackson argues trial counsel was ineffective for failing to cross-examine the victim. (Doc. 1, pp. 1-11); (Doc. 1-2, p. 20) In Claim 2, he argues trial counsel was ineffective for waiving his presence at the deposition. *Id*. And in Claim 3, he argues trial counsel was ineffective for failing to object to the admission of the deposition at trial. *Id*. These claims were raised in Jackson's state post-conviction relief (PCR) petition, but they were not presented to the Arizona Court of Appeals.

The record below indicates that when Jackson filed notice of post-conviction relief (PCR), his counsel informed the trial court that he was unable to find any colorable claims. (Doc. 12-12, p. 2) Jackson, therefore, filed his PCR petition pro se. (Doc. 13, pp. 92, 95) The court presumes he was still without counsel when he failed to file a timely petition for review with the Arizona Court of Appeals.

In the pending motion, Jackson implicitly concedes that his PCR claims were not properly exhausted. (Doc. 16) Accordingly, he moves that this court stay his petition and hold it in abeyance while he returns to state court and attempts to properly exhaust these claims. *Id*. He maintains that his PCR counsel told him that if his PCR petition were denied, his next step would be to file a petition for writ of habeas corpus in federal court. (Doc. 16, p. 2)

In *Rhines*, the Supreme Court held that a district court may stay a "mixed" petition and hold it in abeyance in order to permit the petitioner an opportunity to present unexhausted claims to the state court. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005). "*Rhines* cautioned, however, that its stay procedure must not run afoul of AEDPA's twin purposes – reducing delays in the execution of state and federal criminal sentences and encouraging

petitioners to seek relief from state courts in the first instance." *King v. Ryan*, 564 F.3d 1133, 1139 (9ᵗʰ Cir. 2009) (internal citation omitted) (punctuation modified). "To address these concerns, *Rhines* held that stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* (punctuation modified) "Furthermore, *Rhines* held stays inappropriate when the unexhausted claims are plainly meritless, or where the petitioner has engaged in abusive litigation tactics or intentional delay." *Id.* (punctuation modified)

Addressing these issues in reverse order, the court finds no evidence that "the petitioner has engaged in abusive litigation tactics or intentional delay." *King,* 564 F.3d at 1139. The court further finds that the claims are not "plainly meritless." *Id.* Finally, the court finds good cause to justify a stay. When Jackson failed to file a timely petition for review with the Arizona Court of Appeals he was without counsel and under the mistaken impression that he had no further recourse in state court. *See Dixon v. Baker*, 847 F.3d 714, 721 (9ᵗʰ Cir. 2017) ("A petitioner who is without counsel in state post[-]conviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."); *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.") (citing *Rhines*).

The respondents argue that Jackson's "good cause" argument would not be sufficient under *Martinez* to excuse a procedural default. *See Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012). This argument assumes that the "good cause" showing under *Rhines* must be as demanding as the "good cause" showing under *Martinez*. The respondents do not explain why this must be so. In fact, there is reason to believe the opposite – that the "good cause" showing under *Rhines* should be *less* demanding that the "good cause" showing under *Martinez*. After all, the "good cause" showing under *Rhines* simply gives the petitioner a chance to return to state court while a "good cause" showing under *Martinez* allows a petitioner to avoid state court review altogether. *See Blake v. Baker*, 745 F.3d 977, 984 (9ᵗʰ Cir. 2014). A "good cause"

showing under *Martinez* therefore undercuts "the interests of comity and federalism embedded in our habeas jurisprudence" in a way that a "good cause" showing under *Rhines* does not. *Id.*

The respondents further argue that a stay would be futile because the deadline for filing a petition for review with the Arizona Court of Appeals has long since past and if one were filed, it would surely be dismissed as untimely under Ariz.R.Crim.P. 32.9(c). (Doc. 17, p. 3) The Rule 32 time limits, however, are not jurisdictional, so it is possible that Jackson's petition would be permitted. *See State v. Pope*, 130 Ariz. 253, 256, 635 P.2d 846, 849 (Ariz. 1981). Whether it ultimately will be permitted is a matter that will be decided later by the state courts.. *Id.* (A "party asserting a valid reason for non-compliance with the time requirements has a heavy burden in showing the court why the non-compliance should be excused." ); *see also* Ariz.R.Crim.P. 32.9 (c) ("Motions for extensions of time to file petitions or cross petitions shall be filed in and ruled upon by the trial court."). Accordingly,

IT IS ORDERED that the petitioner's motion for a stay of the petition for writ of habeas corpus is GRANTED. (Doc. 16) Jackson MUST FILE by September 15, 2017 a motion with the state trial court for permission to file a petition for review past the deadline stated in Rule 32.9(c). Jackson MUST FILE with this court a status report on his progress by November 1, 2017 and subsequent reports every two months afterwards. Failure to do so could result in a lifting of the stay without further notice.

IT IS FURTHER ORDERED that the petitioner's motion for an extension of the deadline for filing a reply to the respondents' answer to his petition for writ of habeas corpus and an extension of the deadline for filing a reply in support of his motion for stay and abeyance is GRANTED in PART. (Doc. 19) When Jackson's state court proceedings are at an end, he should inform the court of this fact and move that the court set a deadline for the respondents to file an amended answer, if they chose to do so, and a deadline for Jackson to file a reply to the respondents' answer. The deadline for filing a reply in support of his motion for a stay need not be extended. Jackson has already filed his reply. (Doc. 20)

IT IS FURTHER ORDERED that the petitioner's motion to amend his petition to remove unexhausted claims is DENIED as MOOT. (Doc. 21)

DATED this 4th day of August, 2017.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge