# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Ramon Jackson,<br><br>                Petitioner,<br><br>v.<br><br>David Shinn,[1] et al.,<br><br>                Respondents. | No. CV 17-058-TUC-FRZ<br><br>**ORDER** |

Petitioner Jerry Ramon Jackson filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) constructively on January 17, 2017, raising five grounds for relief claiming (1) ineffective assistance of counsel for failing to cross examine the victim at time of deposition; (2) ineffective assistance of counsel for waiving Petitioner's presence at the deposition; (3) ineffective assistance of counsel for failing to object to the admission of the deposition at trial; (4) insufficient evidence to support counts 1 and 2; and (5) the state trial court improperly considered unconstitutional sentencing factors in sentencing Petitioner in violation of his rights under the Eighth Amendment to the United States Constitution.

---

[1] On September 13, 2019, Charles Ryan stepped down as Director of the Arizona Department of Corrections. The Court will substitute the new Director, David Shinn, as Respondent in this case. *See* Fed. R. Civ. P. 25(d) (permitting the court to order substitution of a public officer who is a party in an official capacity when the party ceases to hold office while the action is pending).

This case was referred to Magistrate Judge Leslie A. Bowman for all pretrial proceedings and report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv 72.1 and LRCiv 72.2 of the Rules of Practice of the United States District Court for the District of Arizona, Local Rules of Civil Procedure.

A temporary stay was granted to allow Petitioner to return to state court to pursue post-conviction relief. (Doc. 22) The stay was lifted on July 9, 2019, and Respondents were ordered to file a supplemental answer. (Doc 35)

Magistrate Judge Bowman issued her Report and Recommendation on October 3, 2019 (Doc. 41) – which provides a thorough review of the state record – recommending that the District Court enter an order denying the petition for habeas relief based on her findings that trial counsel was not ineffective; Petitioner did not receive an unconstitutional sentence; and all remaining claims are procedurally defaulted.

Before the Court for consideration are the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1); Respondents' Limited Answer to Petition for Writ of Habeas Corpus and Supplemental Answer to Petition for Writ of Habeas Corpus, and attachments thereto (Docs. 11, 12, 36 and 37); Petitioner's reply (Doc. 40); the Report and Recommendation (Doc. 41); Petitioner's Objections to Magistrate's Report and Recommendation (Doc. 44); and Respondents' response to objections (Doc. 46).

Following an independent review of the record, including the pleadings, the Report and Recommendation and the objections thereto, the Court shall accept and adopt the findings therein. Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 41) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court;

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **DENIED** and this case is dismissed with prejudice;

**IT IS FURTHER ORDERED** that Petitioner's Application for a Certificate of Appealability from the District Court (Doc. 45) is **DENIED**, based on Petitioner having failed to make a substantial showing of the denial of a federal constitutional right, and that

a jurist of reason would not find the Court's assessment of Petitioner's constitutional claims "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000).

The Clerk of Court is directed to enter judgment accordingly.

Dated this 4th day of December, 2019.

_____
Honorable Frank R. Zapata
Senior United States District Judge